**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| TRENT SLABAUGH<br>308 S. Franklin St., Apt. 5,<br>Richwood, OH 43344<br><br>　　　Plaintiff,<br><br>v.<br><br>WELTMAN, WEINBERG & REIS<br>CO., L.P.A.<br>c/o Eileen M. Bitterman<br>965 Keynote Circle<br>Brooklyn Heights, OH 44131,<br><br>And,<br><br>LVNV FUNDING, LLC.,<br>c/o Corporate Service Company<br>50 West Broad St., Suite 1330<br>Columbus, OH 43215<br><br>　　　Defendants. | Civil Action No.:<br><br>Judge:<br><br><br><br>**JURY DEMAND ENDORSED HEREIN** |

**PLAINTIFF TRENT SLABAUGH'S COMPLAINT FOR MONEY DAMAGES AND
OTHER RELIEF**

**JURY DEMAND ENDORSED HEREIN**

　　　The following allegations are based upon Plaintiff Trent Slabaugh's ("Mr. Slabaugh") personal knowledge, the investigation of counsel, and information and belief.  Mr. Slabaugh, through counsel, alleges as follows:

1

## I. INTRODUCTION

1. This action arises from Defendants' Weltman, Weinberg & Reis Co., L.P.A. ("Weltman") and Defendant LVNV Funding LLC's ("LVNV") blunders in an unlawful attempt to collect a debt. In attempting to collect a debt, Defendants ignored a Court's Order, violated Ohio law on multiple occasions, and sought unlawful amounts of money. As such, Defendants are liable to Mr. Slabaugh for its violations of the Fair Debt Collection Practices Act and the Ohio Consumer Sales Practices Act.

## II. PRELIMINARY STATEMENT

2. Mr. Slabaugh institutes this action for actual damages, statutory damages, attorney fees, and the costs of this action against Weltman and LVNV, for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.*, (hereinafter "FDCPA"), and violations of Ohio Rev. Code Ann. § 2716.01, et seq. LVNV's violations of the FDCPA also constitute violations of Ohio's Consumer Sales Practices Act, Ohio Rev. Code Ann. § 1345.01, et seq. (hereinafter "CSPA").

## III. JURISDICTION

3. This Court has subject matter jurisdiction for Count One pursuant to the FDCPA, 15 U.S.C. § 1692k(d), and 28 U.S.C. §§ 1331 and 1337.

4. This Court has subject matter jurisdiction for Count Two pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Weltman pursuant to Fed.R.Civ.P. 4(k).

6. This Court has personal jurisdiction over LVNV pursuant to Fed.R.Civ.P. 4(k).

7. This Court has personal jurisdiction over Weltman because it conducts substantial business in this District and this lawsuit arises out of acts that occurred in this District. *International Shoe v. Washington*, 326 U.S. 310 (1945).

8. This Court has personal jurisdiction over LVNV because it conducts substantial business in this District and this lawsuit arises out of acts that occurred in this District. *International Shoe v. Washington*, 326 U.S. 310 (1945).

9. Venue is proper in accordance with 28 U.S.C. 1391(b)(2), as a substantial part of the events leading to this lawsuit arose out of acts which occurred in this District.

## IV. PARTIES

10. Mr. Slabaugh is a natural person currently residing within this Court's jurisdiction at 308 South Franklin Street, Apt. 5, Richwood, OH 43344, which is his primary residence.

11. Weltman is a law firm specializing in debt collection and existing under the laws of the United States and has its principal place of business in Cleveland, Ohio.

12. LVNV is a debt collection firm existing under the laws of the United States and has its principal place of business in Orlando, Florida.

13. Weltman is and was subject to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a, et seq. ("FDCPA") at all times relevant to this transaction.

14. LVNV is and was subject to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a, et seq. ("FDCPA") at all times relevant to this transaction.

15. Weltman is and was an agent of LVNV at all times relevant to this transaction.

16. At all times relevant to this transaction, Mr. Slabaugh is and was a **Consumer** as defined by the FDCPA at 15 U.S.C. § 1692a(3).

17. Weltman is and was a **Debt Collector**, as defined by 15 U.S.C. § 1692a(6),

18. Weltman regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

3

19. Weltman uses instrumentalities of interstate commerce or the mails in its business the principal purpose of which is the collection of debts, and was not exempted under the FDCPA, at all times relevant to this transaction.

20. LVNV is and was a **Debt Collector**, as defined by 15 U.S.C. § 1692a(6),

21. LVNV acquired the Mr. Slabaugh's account after it was in default.

22. LVNV is regularly engaged in purchasing delinquent accounts and collecting on the debt.

23. LVNV uses instrumentalities of interstate commerce or the mails in its business the principal purpose of which is the collection of debts, and was not exempted under the FDCPA, at all times relevant to this transaction.

**V.     FACTUAL ALLEGATIONS**

10. Mr. Slabaugh incorporates all other paragraphs in this Complaint by reference as though fully written here.

11. On September 11, 2017, Weltman filed a Complaint on behalf of its client LVNV Funding, LLC. ("LVNV") for the collection of a debt in relation to a credit card account, in Franklin County Municipal Court, Case No.: 2017CVF030594 (the "Complaint").

12. The Complaint demanded $1,508.82 with interest and cost from March 14, 2017 to the date the Complaint was filed.

13. Mr. Slabaugh failed to plead or otherwise defend against the Complaint.

14. On December 12, 2017, Weltman filed a Motion for Default Judgment.

15. On December 14, 2017, the Franklin County Municipal Court ("Municipal Court") granted Weltman's Motion for Default Judgement.

16. The Court specified that the judgment amount was for a total of $1,508.82 with 4.00% interest per annum from March 14, 2017 and costs, and recorded such on the Docket on December 14, 2017.

17. On or around January 5, 2018, Weltman sent Mr. Slabaugh a Notice of Court Proceeding to Collect Debt ("Notice").

18. The Notice listed the amount Mr. Slabaugh owed as $1680.77 including interest and court costs. This amount is an incorrect statement of the amount due and owed.

19. The Notice included an attached form entitled "Payment To Avoid Garnishment" ("Form") that was to be filled out and returned to P.O. Box 93596, Cleveland, Ohio 44101 in order to avoid a garnishment.

20. On or around January 18, 2018 Mr. Slabaugh completed the Form, attached the correct documents and sent the Form along with a check for $198.77 to P.O. Box 93596, Cleveland, Ohio 44101.

21. The check amount was for the correct amount as determined by the Form.

22. Weltman endorsed and cashed the check.

23. Weltman failed to send another Notice in February.

24. Mr. Slabaugh did not send a check in February as he did not receive another Notice or Form.

25. Weltman sent a subsequent Notice and Form to Mr. Slabaugh in March of 2018.

26. Mr. Slabaugh completed and returned the Form and made the payment as required.

27. On or around March 9, 2018, Weltman sent Mr. Slabaugh a letter improperly threatening that LVNV would submit negative credit reporting to credit reporting bureaus.

28. On April 6, 2018, Weltman filed a wage garnishment.

29. Weltman filed the garnishment when Mr. Slabaugh had been paying as required under the Form to avoid a garnishment.

30. On April 9, 2018, Weltman filed an Affidavit & Order & Notice of Garnishment ("Affidavit") with the Municipal Court.

31. The Affidavit specified that Weltman had sent all required Notices to Mr. Slabaugh.

32. The Affidavit specified that a sufficient portion of the payment had not been made to prevent the garnishment.

33. The Affidavit was not accompanied by the return receipt requested or proof of service for any Notice Weltman delivered to Mr. Slabaugh.

34. On or around April 23, 2018, Mr. Slabaugh received another Notice and Form from Weltman.

35. On or around the same day, Mr. Slabaugh received the Affidavit from Weltman.

36. On or around April 26, 2018, Mr. Slabaugh filed a Request for Hearing, in order to dispute LVNV's right to garnish his wages.

37. On or around the same day, Mr. Slabaugh completed and returned the Form and made the payment as required.

38. On or around May 1, 2018, Mr. Slabaugh sent a letter to Weltman asking for a detail of his account, in order to determine if any charges had been improperly added to his account.

39. Weltman responded that it could not provide a detail of the account because it would constitute legal advice.

40. The hearing Mr. Slabaugh requested took place on May 25, 2018.

41. During the requested hearing, Mr. Slabaugh and LVNV reached a settlement agreement for the total amount owed to fully satisfy the judgment.

42. In accordance with the settlement agreement, the Municipal Court ordered that $634.27 of the funds Mr. Slabaugh paid be disbursed to LVNV in full satisfaction of the Judgment, and any remaining garnishment funds be returned to Mr. Slabaugh.

43. LVNV falsely represented to Mr. Slabaugh that he still owes $300 to satisfy the judgment.

## V. CAUSES OF ACTION

### COUNT ONE – FDCPA

44. Mr. Slabaugh incorporates all other paragraphs in this Complaint by reference as though fully written here.

45. LVNV's actions defined herein constitute violations of the FDCPA, 15 U.S.C. § 1692a, *et seq*. and it is liable to Mr. Slabaugh for false, deceptive, or misleading representation in connection with the collection of the debt in violation of 15 U.S.C. § 1692e.

46. Weltman is and was an agent of LVNV at all times relevant to this transaction.

47. Weltman's actions defined herein constitute violations of the FDCPA, 15 U.S.C. § 1692a, *et seq*. and it is liable to Mr. Slabaugh for false, deceptive, or misleading representation in connection with the collection of the debt in violation of 15 U.S.C. § 1692e.

48. Weltman's actions defined herein constitute violations of Ohio Rev. Code Ann. § 2716.

49. Weltman's violations of Ohio Rev. Code Ann. § 2716 constitute unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f.

50. At all times relevant to this transaction, Mr. Slabaugh is and was a **Consumer** as defined by the FDCPA at 15 U.S.C. § 1692a(3).

51. LVNV is and was a **Debt Collector**, as defined by 15 U.S.C. § 1692a(6), and was not exempt under the FDCPA, at all times relevant to this transaction.

52. Weltman is and was a **Debt Collector**, as defined by 15 U.S.C. § 1692a(6), and was not exempt under the FDCPA, at all times relevant to this transaction.

53. Mr. Slabaugh's credit card debt ("Judgment Debt") is and was a **Debt**, as defined by 15 U.S.C. § 1692a(5) at all times relevant to this transaction.

54. LVNV and Weltman's following actions constitute false, deceptive, or misleading representations in connection with the collection of the debt in violation of 15 U.S.C. § 1692e, including but not limited to:

    i. Incorrectly stating the amount owed to satisfy the Judgment Debt in the Notices it sent to Mr. Slabaugh in violation of 15 U.S.C. § 1692e(2)(A);

    ii. Weltman improperly sent Mr. Slabaugh a letter threatening that LVNV would file a negative credit bureau report in violation of 15 U.S.C. § 1692e(8);

    iii. Weltman improperly stated in the Affidavit that all required Notices had been sent to Mr. Slabaugh when it had failed to send a Notice in February in violation of 15 U.S.C. § 1692e(2)(B);

    iv. Weltman improperly stated in the Affidavit that a sufficient portion of the payment had not been made to prevent the garnishment in violation of 15 U.S.C. § 1692e(10);

    v. Weltman improperly stated that it could not produce a detail or accounting of the Judgment Debt because it would constitute legal advice in violation of 15 U.S.C. § 1692e; and,

      vi. LVNV improperly represented to Mr. Slabaugh that he still owes $300 to satisfy the judgment in violation of 15 U.S.C. § 1692e(2)(A).

55. LVNV's and Weltman's following actions constitute violations of Ohio Rev. Code Ann. § 2716 et seq, including but not limited to:

      i. Weltman filed the garnishment after it failed to send all the required Notices to Mr. Slabaugh in violation of Ohio Rev. Code Ann. § 2716.03(A)(3);

      ii. Weltman filed the garnishment when Mr. Slabaugh had been paying as required by all of the Notices sent to him in violation of Ohio Rev. Code Ann. § 2716.03(A)(4);

      iii. Weltman failed to send any Notice to Mr. Slabaugh by personal service, certified mail, or execute a proper stamped certificate of mailing in violation of Ohio Rev. Code Ann. § 2716.02(A); and,

      iv. Weltman failed to file the return receipt requested or proof of service for any Notice Weltman delivered to Mr. Slabaugh with the Affidavit in violation of Ohio Rev. Code Ann. § 2716.04.

56. Each of LVNV's and Weltman's violations of Ohio Rev. Code Ann. § 2716.01 *et seq* constitute unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f.

57. LVNV's and Weltman's actions make them liable to Mr. Slabaugh for false, deceptive, or misleading representation in connection with the collection of the debt in violation of 15 U.S.C. § 1692e.

58. LVNV's and Weltman's actions make them liable to Mr. Slabaugh for using unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f.

59. Mr. Slabaugh has suffered emotional distress as a result of LVNV's and Weltman's actions.

60. Mr. Slabaugh has experienced extreme stress, sleepless nights, loss of appetite, and nausea.

61. Mr. Slabaugh has missed work in order to defend against LVNV's and Weltman's improper attempt at garnishment.

62. LVNV and Weltman are liable to Mr. Slabaugh under this Count for their FDCPA violations in an amount equal to or greater than: actual damages for each of their violations of the FDCPA, 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of $1,000, 15 U.S.C. § 1692k(a)(2)(A); and costs of this action and attorney fees, as provided under 15 U.S.C. § 1692k(a)(3).

## COUNT TWO – CSPA FOR FDCPA VIOLATIONS

63. Mr. Slabaugh incorporates all other paragraphs in this Complaint by reference as though fully written here.

64. Weltman is and was an agent of LVNV at all times relevant to this transaction.

65. At all times relevant to this incident, LVNV was and is subject to Ohio's Consumer Sales Practices Act, Ohio Rev. Code Ann. § 1345.01, et seq.

66. Violating the FDCPA has been determined by courts of the State of Ohio to violate the CSPA, and that decision was made available for public inspection under Ohio Rev. Code

Ann. § 1345.05(A)(3) prior to this consumer transaction. *Becker v. Montgomery Lynch*, PIF 10002153 (April 30, 2003) (http://www.opif.ag.state.oh.us/opifimages/PIF2153.pdf).

67. LVNV's and Weltman's actions described in Count One and the Factual Allegations of this Complaint are each unfair or deceptive acts or practices in violation of Ohio Rev. Code Ann. § 1345.02.

68. LVNV's and Weltman's described in Count One and the Factual Allegations of this Complaint are each unconscionable consumer sales acts or practices in violation of Ohio Rev. Code Ann. § 1345.03.

69. LVNV's and Weltman's actions described in Count One and the Factual Allegations of this Complaint were committed with **knowledge** within the meaning of Ohio Rev. Code Ann. § 1345.01(E).

70. Mr. Slabaugh's actual damages under the CSPA are equal the total value of damages under the FDCPA.

71. LVNV is liable to Mr. Slabaugh under this Count for each of its FDCPA violations in an amount equal to or greater than; three times the amount of their actual damages or $200 whichever is greater, up to $5,000 in non-economic damages pursuant to Ohio Rev. Code Ann. § 1345.09(B), and attorney fees and costs pursuant to Ohio Rev. Code Ann. § 1345.09(F) for each violation of the CSPA.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Mr. Slabaugh respectfully prays that this Court:

A. Assume jurisdiction of this case;

B. Award Mr. Slabaugh his maximum actual, economic, emotional, and non-economic damages to be established at trial;

C. Award the Mr. Slabaugh statutory damages in the amount of up to $1,000 per defendant under Count One of the Complaint pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D. Award Mr. Slabaugh three times the amount of his actual damages under Count One or $200 whichever is greater and $5,000 in non-economic damages pursuant to Ohio Rev. Code Ann. § 1345.09(B) and attorney fees and costs pursuant to Ohio Rev. Code Ann. § 1345.09(F) for each violation of the CSPA.

E. Award Mr. Slabaugh attorney fees and costs of this action including pursuant to 15 U.S.C. § 1692k(a)(3), and Ohio Rev. Code Ann. § 1345.09(F); and,

F. Award such other relief as the Court deems appropriate.

Dated: September 20, 2018

Respectfully Submitted,
DOUCET & ASSOCIATES CO., L.P.A.

*/s/Christopher J. Gant*
Christopher J. Gant (0095730)
*Attorney for Plaintiff*
700 Stonehenge Parkway, Suite 2B
Dublin, OH  43017
(614) 944-5219 PH
(818) 638-5548 FAX
gant@doucet.law

**JURY TRIAL DEMANDED**

Plaintiffs respectfully request a jury trial on all triable issues.

*/s/ Christopher J. Gant*
Christopher J. Gant (0095730)